**UNITED STATES of America,**

v.

**Renaldo ROSARIO, Appellant.**

**No. 01–1282.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 18, 2002.

Opinion filed March 5, 2002.

Before ALITO and ROTH, Circuit Judges SCHWARZER *, District Judge.

## OPINION

ROTH, Circuit Judge.

Defendant Renaldo Rosario pled guilty to conspiracy to distribute more than fifty grams of crack and more than one kilogram of heroin. He was sentenced to life imprisonment, followed by supervised release for a period of ten years. He has

---

\* Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

appealed. For the foregoing reasons, we will grant counsel's request to withdraw and will affirm the judgment of the District Court.

Rosario's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) expressing his belief that there were no non-frivolous issues presented for our review. As required by *Anders*, counsel directed us to portions of the record that might arguably support an appeal. Also, as required by *Anders*, Rosario was given notice of his attorney's desire to withdraw, allowing him the opportunity to raise any issues for appeal in a pro se brief. Rosario states three bases for his appeal: 1) that the District Court erred in finding that he did not make a credible assertion of innocence at the change of plea hearing, 2) that the District Court erred in finding the government would be prejudiced by a two-year delay of trial, and 3) that he was not aware he faced a mandatory life sentence.

Rule 32(e) states that when a "motion to withdraw a plea of guilty or *nolo contendere* is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." We have recognized three factors in evaluating the "fair and just" reasoning which would permit withdraw: 1) whether the defendant asserts his innocence; 2) whether the government would be prejudiced by the withdrawal; and 3) the strength of the defendant's reason to withdraw the plea. *United States v. Huff*, 873 F.2d 709, 711 (3rd Cir.1989).

First, the District Court found that Rosario did not make a credible assertion of his innocence of the conspiracy charges against him. The District Court recognized Rosario's "commendable candor" in clarifying the actual dates on which he was involved in the conspiracy he pled guilty but found that this was not a fair and just reason to withdraw the guilty plea.

Second, the District Court found through the plea colloquy that Rosario understood, with the aid of an interpreter, his constitutional rights, the factual basis of the charges, and that he would be exposed to a mandatory life sentence as a result of his guilty plea.

Lastly, the District Court determined that there would be great prejudice against the Government if the motion to withdraw the guilty plea were granted in light of the two-year delay. The District Court concluded that there was no "fair and just" reason for withdraw of his guilty plea.

For the above reasons, we will affirm the judgment of the District Court and grant counsel's request to withdraw.